UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LOBDELL,

                        Plaintiff,

v.

WHITE CAP, LP, WHITE CAP
SUPPLY HOLDINGS, LLC, WHITE
CAP MANAGEMENT, LLC,

                        Defendants.
_____/

Civil Action No. 24-11450

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO BIFURCATE LIABILITY AND DAMAGES AND TO STAY DAMAGES-RELATED AND INDIVIDUALIZED EMPLOYEE DISCOVERY (ECF No. 37) AND PLAINTIFF'S MOTION TO COMPEL (ECF No. 61)

Plaintiff Matthew Lobdell ("Lobdell") brings this putative class action for alleged violations of the Americans with Disabilities Act ("ADA") against defendants White Cap Supply Holdings, LLC, White Cap Management, LLC, and White Cap, L.P. (collectively, "White Cap").  In short, Lobdell used to work for White Cap, and he now challenges the legality of its "Health Screen Program" (the "Program") that requires employee participants to submit to annual medical exams and biometric testing in order to receive a "credit" towards the cost of their health insurance.

On today's date, the Court entered an Order denying Lobdell's motion for class certification.  (ECF No. 121).  The motion for class certification had been filed on April 18, 2025, about two months before discovery was set to close, and while a slew of discovery disputes were brewing.  As explained in the Court's Order, Lobdell's proposed

class was defined too broadly to meet Rule 23(a)'s commonality and typicality requirements, and his interests in litigating the case are not sufficiently aligned with those of the proposed class as a whole.

Following on the heels of Lobdell's class certification motion, two other motions were filed that are the subject of this Order. On May 5, 2025, White Cap filed a motion to bifurcate liability and damages (ECF No. 37), and on June 2, 2025, Lobdell filed a motion to compel. (ECF No. 61). Given the case's current vastly different landscape than existed when the motions were filed, the most prudent course is to deny both motions without prejudice and hold a status conference to discuss the case's posture and discovery needs.

In reaching this conclusion, the Court notes that Lobdell argued the motion to compel in the broadest terms, failing to recognize Rule 26(b)(1)'s proportionality standards, and addressing only a small handful (if that) of the dozens upon dozens of requests supposedly in issue. Even as to those, Lobdell failed to show the requests were reasonably tailored to the case's needs. For example, he writes, "White Cap's emails relating to the wellness program are directly relevant to this case, including White Cap's affirmative defenses and Plaintiff's request for damages," but as White Cap responds, Lobdell's requests appear to seek the "wholesale production of every internal and external email referencing the wellness program, regardless of relevance, recipient, or privilege," without making any effort to tailor the requests. (ECF No. 61, PageID.2444; ECF No. 102, PageID.4044-45).

Lobdell's reply brief hardly clarified the particular categories of e-mails he is seeking. After White Cap explained in its response brief that Lobdell's requests essentially

seek "*every single email generated regarding the Wellness Program*," Lobdell did not dispute that characterization, and instead faulted White Cap for trying to narrow the requests without offering any sort of counter-proposal or explanation as to why he (according to White Cap) declined White Cap's offer to utilize "targeted search terms and limit[ed] custodians [] to streamline any additional review." (ECF No. 102, PageID.4050, 4056 (emphasis in original); ECF No. 106, PageID.4140).

While it may be the case that the universe of relevant e-mails and other documents remaining to be produced is broader than what White Cap proposes, particularly in light of the Court's ruling on Lobdell's class certification motion, the proper scope of any additional discovery needs to be revisited by the parties cooperatively. And, while the concerns underlying White Cap's motion to bifurcate may have been significantly curtailed or eliminated in light of the Court's class certification ruling, the meet and confer should include a discussion of the issues raised therein, as well.

Accordingly, **IT IS ORDERED** that White Cap's motion to bifurcate **(ECF No. 37)** and Lobdell's motion to compel **(ECF No. 61)** are **DENIED WITHOUT PREJUDICE**. The Court will schedule a status conference to be held in the near future, and the parties shall in the interim meet and confer in good faith to discuss the case's posture and discovery needs going forward.

Dated: February 20, 2026            s/David R. Grand
Ann Arbor, Michigan                 DAVID R. GRAND
                                    United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2026.

s/Julie Owens
JULIE OWENS
Case Manager